# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCO JAVIER PEREZ-MARTINEZ, <br><br> Defendant. | Case No. 18-mj-02495-RNB-BAS-1 <br><br> **ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION** |

## I.   INTRODUCTION

On May 30, 2018, Defendant Francisco Javier Perez-Martinez pled guilty to improper entry by an alien in violation of 8 U.S.C. § 1325(a) and was immediately sentenced to time served. (ECF No. 13 ("Plea Transcript").) Before accepting Mr. Perez-Martinez's guilty plea, the Magistrate Judge advised him of the elements of the charged offense:

> First, defendant was at the time of the offense, an alien, that is, a person who is not a natural born or naturalized citizen or a national of the United States.
>
> And, second, defendant knowingly and voluntarily entered or attempted to enter the United States at a time and place other than as designated by

immigration officers of the United States; intentionally eluded examination or inspection by immigration officers of the United States; or attempted to enter or obtain entry into the United States by a willfully false or misleading representation or the willful concealment of a material fact.

(Plea Transcript 8:4–15.) After the Magistrate Judge read these elements to Mr. Perez-Martinez, he indicated he understood them. (*Id.* 8:16–18.) The Court further read the charges to Mr. Perez: "On or about May 14th, 2018, within the Southern District of California, Defendant Francisco Javier Perez-Martinez, an alien, did knowingly elude examination and inspection by immigration officers." (*Id.* 8:22–25.)

With respect to the factual basis for the guilty plea, the Government's counsel outlined that:

> Defendant was an alien and not a citizen of the United States when on or about May 14th, 2018, within the Southern District of California, [he] knowingly eluded examination and inspection by entering the United States from Mexico at a time and place other than designated by immigration officers. The Defendant was apprehended by Border Patrol agents approximately 23.5 miles east of the Tecate, California Port of Entry and 1/4 of a mile north of the United States/Mexico international boundary.

(Plea Transcript 9:8–17.) Both defense counsel and Mr. Perez-Martinez concurred with these statements. (*Id.* 9:18–23.)

Defense counsel requested immediate sentencing, and the Magistrate Judge imposed a time served sentence with no fines, supervised release, or special assessment. (ECF No. 11.)

Mr. Perez-Martinez now appeals. (ECF No. 15.) Defense counsel argues: (1) the statement that Defendant was an alien—who knowingly eluded inspection by immigration officers and was apprehended inside the United States—was an insufficient factual basis to support the charge of knowingly eluding examination and inspection by immigration officers; and (2) the Magistrate Judge's advisement of the

elements of the offense was insufficient. (ECF No. 18.) The Court disagrees and **AFFIRMS** the conviction.

II.     **STANDARD OF REVIEW**

This appeal is timely, and this Court has jurisdiction. *See* 18 U.S.C. § 3402; Fed. R. App. P. 58(g)(2)(B). In an appeal from a magistrate judge's judgment of conviction, "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. App. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

This appeal centers on Federal Rule of Criminal Procedure 11, which governs the process for entering pleas and sets forth requirements for the court's acceptance of a guilty plea. *See* Fed. R. Crim. P. (a), (b). Mr. Perez-Martinez did not raise an objection under Rule 11 before the Magistrate Judge, and defense counsel concurred in the factual basis for Mr. Perez-Martinez's plea. "Generally, 'where, as here, the defendant failed to raise the Rule 11 violation before the trial court,'" the court "review[s] the alleged error under the plain-error standard." *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir. 2015); *see also, e.g.*, *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("Because Pena did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error.").

"Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Chavez-Cuevas*, 862 F.3d 729, 733–34 (9th Cir. 2017). Plain error "is error that is so clear-cut, so obvious, a competent [trial] judge should be able to avoid it without benefit of objection." *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (quoting *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997)).

## III. ANALYSIS

Rule 11 provides that during a plea colloquy, "the court must inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Further, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." *Id.* 11(a)(b)(3). The court satisfies this second requirement by determining "that the conduct which the defendant admits constitutes the offense charged . . . to which the defendant has pleaded guilty." *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Under 8 U.S.C. § 1325(a):

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact

is guilty of a misdemeanor. The statute requires not only proof that an alien is illegally in the United States, but also additional proof as to how an illegal entry was effected: (1) by entering at a time or place other than that designated by immigration officials, (2) by eluding examination or inspection by immigration officials, or (3) by willfully making a false or misleading statement. *United States v. Leon*, 221 F.3d 1349, 1349 n.2, 2000 WL 564021 (Table) (9th Cir. 2000) (memorandum disposition). Mr. Perez-Martinez specifically admitted that he eluded examination by immigration officers. (Plea Transcript 9:18–23.)

Defense counsel argues the factual basis for Mr. Perez-Martinez's guilty plea was insufficient by reading two additional elements into § 1325(a)(2) that are simply not there: (1) that the illegal entry occurred at a port of entry and (2) that the defendant not just knowingly, but intentionally, eluded examination.

First, a defendant eludes inspection when he gains entry into the United States "through an unlawful point" and does not submit to examination at the time of the entry. *See United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (reasoning the defendant committed the offense of eluding inspection at the moment he traversed "the beach between Tijuana and San Ysidro late at night"). Contrary to defense counsel's argument, an individual can elude inspection even if he enters at a point other than a port of entry. According to the Oxford Dictionaries, "elude" means to "[a]void compliance with or subjection to (a law, demand, or penalty)." *Elude*, Oxford Dictionaries, https://en.oxforddictionaries.com/definition/us/elude (last visited Aug. 8, 2018). One who avoids a port of entry and enters illegally without getting caught is avoiding subjection to "examination or inspection by immigration officers." *See* 8 U.S.C. § 1325(a)(2); *see also Rincon-Jimenez*, 595 F.2d at 1193–94.

Mr. Perez-Martinez admitted to doing exactly that: eluding inspection and examination by immigration officials by entering the United States illegally. The Court rejects defense counsel's premise that a violation of subsection (a)(2) of § 1325 requires entry at a port of entry. Subsection (a)(1) includes an individual who attempts to enter but is unsuccessful; subsection (a)(2) only includes an individual—like Mr. Perez-Martinez—who was successful in avoiding being subjected to "examination or inspection by immigration officers." If Congress had wanted to limit subsection (a)(2) to those who avoided inspection at a port of entry, it could have done so. It did not. *See* 8 U.S.C. § 1325(a); *see also Rincon-Jimenez*, 595 F.2d at 1193 (noting the defendant entered illegally under subsection (a)(2) when he "did not enter at an officially designated border checkpoint").

Second, defense counsel argues that even if Mr. Perez-Martinez knowingly entered the United States illegally, eluding examination and inspection by immigration officers, this basis was insufficient because there was no inquiry into whether this was done intentionally. Although subsection (a)(3) of § 1325 requires that the individual wilfully make a false or misleading representation or wilfully

conceal a material fact, subsection (a)(2) has no similar intent requirement. Nor has the Ninth Circuit read such a requirement into the statute's text. *See Rincon-Jimenez*, 595 F.2d 1193–1194. As the Ninth Circuit succinctly put it, "the offense described" by subsection (a)(2) "is consummated at the time an alien gains entry though an unlawful point and does not submit to . . . examinations" required by law. *Id.* Defense counsel is reading requirements into the statute that simply do not exist.

Finally, defense counsel argues that the elements listed by the Magistrate Judge during the plea colloquy were technical legal concepts requiring greater explanation and were particularly confusing because they included all three subsections of § 1325 when Mr. Perez-Martinez was only pleading guilty to one. (ECF No. 18.) The Court disagrees. The elements were not confusing; Mr. Perez-Martinez expressed no confusion, and, in fact, when asked, said he understood them. (Plea Transcript 8:16–18.)

There was no error in the plea colloquy, and if defense counsel had pointed out his concerns at the time of the plea, perhaps his concerns could have been allayed. *See In re Perez*, 30 F.3d 1209, 1213 (9th Cir. 1994) ("The principal reason we require parties to raise an issue in the trial court is to give that court an opportunity to resolve the matter and, hopefully, avoid error. Also, when matters are first raised in the trial court, it's possible to develop the record as needed to present the issue properly on appeal."). Instead, defense counsel waited until his client had received his time served sentence and then raised this Rule 11 issue after the fact. Although the Court understands defense counsel's frustration with the recently adopted "zero tolerance" policy in this District, the plea colloquy was without error, let alone "plain error." *See Gonzalez-Aparicio*, 663 F.3d at 428 (defining "plain error" as one "that is so clear-cut, so obvious, a competent [trial] judge should be able to avoid it without benefit of objection").

## IV. CONCLUSION

The plea colloquy in this case complied with Rule 11. The Magistrate informed Mr. Perez-Martinez of the nature of the charge he was pleading guilty to and confirmed that he understood this charge. The Magistrate Judge also assured that there was an adequate factual basis for the plea. *See Jones*, 472 F.3d at 1140. Therefore, the conviction is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: August 8, 2018

Hon. Cynthia Bashant
United States District Judge